**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
ykrivoshey@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KARLA MAREE, on behalf of herself and all others similarly situated,

Plaintiff,

v.

DEUTSCHE LUFTHANSA AG,

Defendant.

Case No. 8:20-cv-885

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Karla Maree ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on the investigation of her counsel and upon information and belief, except as to Plaintiff's allegations regarding her own actions which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a class action lawsuit regarding Defendant Deutsche Lufthansa AG's ("Lufthansa" or "Defendant") failure to provide full refunds to customers whose flights were cancelled as a result of the coronavirus, or COVID-19.

2. Given the outbreak of the coronavirus, Defendant has cancelled a vast percentage of its international and United States flights. However, Defendant has, to date, refused to issue refunds for flights that Defendant cancelled.

3. The United States Department of Transportation ("DOT") has "issued an Enforcement Notice clarifying, in the context of the 2019 Novel Coronavirus (COVID-19) public health emergency, that U.S. and foreign airlines **remain obligated to provide a prompt refund to passengers** for flights to, within, or from the United States when the carrier cancels the passenger's scheduled flight or makes a significant schedule change and the passenger chooses not to accept the alternative offered by the carrier. The obligation of airlines to provide refunds, including the ticket price and any optional fee charged for services a passenger is unable to use, does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions)."[1] Indeed, the DOT's Enforcement Notice makes perfectly clear that offering "vouchers or credits for future travel" is not an adequate

[1] DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed May 8, 2020) (hereinafter "DOT NOTICE") (emphasis added).

or appropriate substitute for airlines' obligations to offer refunds for cancelled flights.[2]

4. Defendant Lufthansa is the flag carrier of Germany and the second-largest airline in Europe in terms of passengers carried. In 2019, Lufthansa carried over 12 million passengers in the Americas.[3] Lufthansa's business was disrupted as a result of government-mandated restrictions on travel in response to the coronavirus.

5. Defendant Lufthansa announced in March 2020 that it would be cancelling "a total of 23,000 flights" between March 2020 and April 2020.[4]

6. Plaintiff, like many other travelers, was scheduled to fly with Lufthansa. As part of Plaintiff's trip, Plaintiff was to embark on two flights that were either departing from or destined for the United States: a departing flight from Miami, Florida to Lagos, Nigeria, and a return flight from Lagos to Miami.

7. Plaintiff purchased her flight tickets on Expedia.com.

8. Plaintiff's flight to Paris was cancelled by was cancelled by Lufthansa due to the coronavirus travel restrictions.

9. Plaintiff contacted Lufthansa about getting a cash refund, but was told by Lufthansa to take the matter up with Expedia.com. Expdia.com told Plaintiff that they could not issue a refund without instructions from Lufthansa, but issued a travel voucher to Plaintiff instead. Expedia.com later issued a refund request to Lufthansa on Plaintiff's behalf, but without any guarantee that Plaintiff would receive a prompt

---

[2] *See id.*

[3] LUFTHANSA ANNUAL REPORT 2019 at 46 (2019), https://investor-relations.lufthansagroup.com/fileadmin/downloads/en/financial-reports/annual-reports/LH-AR-2019-e.pdf (last accessed May 8, 2020).

[4] LUFTHANSA GROUP ANNOUNCES FLIGHT CANCELLATIONS FOR APRIL 2020 (Mar. 11, 2020), https://www.lufthansagroup.com/en/newsroom/media-relations-north-america/news-and-releases/lufthansa-group-announces-flight-cancellations-for-april-2020.html (Last accessed May 8, 2020).

cash refund. Plaintiff has not been refunded by Lufthansa, despite these repeated requests.

10. Lufthansa was required by the DOT Enforcement Notice to provide Plaintiff a prompt refund when Lufthansa cancelled her flight.

11. Lufthansa also represents in its Contract of Carriage that "If a passenger's scheduled transportation is canceled, or terminated before the passenger has reached his or her final destination as a result of a flight cancellation or omission of a scheduled stop, Carrier will, **at the passenger's option** . . . refund the fare for the unused transportation."[5]

12. Plaintiff requested a refund from Lufthansa, which never came. Further, upon information and belief, Plaintiff would not have been able to get a cash refund, as Lufthansa is only offering credits.

13. Lufthansa's acts are in violation of the DOT's Enforcement Notice, which requires airlines to provide "a prompt refund to passengers . . . when their carrier cancels the passenger's scheduled flight."[6] The DOT Enforcement Notice applies to "U.S. and foreign airlines."[7]

14. Lufthansa's consumers have excoriated Lufthansa's refusal or failure to provide its customers with refunds. For instance, like Plaintiff, customers on the website tripadvisor.com have stated:

[5] LUFTHANSA CONTRACT OF CARRIAGE § 90, https://www.Lufthansaair.com/contract-carriage (last accessed May 8, 2020) (emphasis added).
[6] DOT NOTICE
[7] *Id.*

May 4, 2020 Review:[8]

May 2, 2020 Review:

April 2020 Review:[9]

[8] LUFTHANSA REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729113-Reviews-Lufthansa (last accessed May 8, 2020).

[9] LUFTHANSA REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729113-Reviews-or5- Lufthansa.html#REVIEWS (last accessed May 8, 2020).

April 2020 Review:[10]

guesttraveler wrote a review Apr 2020

San Francisco, California • 1 contribution • 2 helpful votes

Copenhagen - Munich | Europe | Premium Economy

**Just terrible**

I had a business trip scheduled for March 5 that was canceled because of the pandemic. I called March 1: they said no problem, I will get full refund within 3-5 business days. I even got a confirmation via email. Then, nothing. Zilch. Nada. Didn't hear from them for 2 weeks. I called back March 16: several agents hang up on me, hard to get through. I finally got through. The agent apologies it's taking awhile but that they see the refund is on its way. I should be seeing it within next 2 days max. Again, nothing came. Finally April 3 I call, the agent at first says its on its way, then when i told her they've said that already, she says oh and hangs up on me. TERRIBLE CUSTOMER SERVICE!! This is not the time to steal people's money, some of us have lost jobs and need our money back to feed our loved ones and keep a roof over our heads. NEVER AGAIN will I book with lufthansa.

15. Plaintiff brings this action on behalf of herself and the Class for equitable relief and to recover damages and restitution for: (i) unjust enrichment, (ii) conversion, (iii) breach of contract, and (iv) money had and received.

## PARTIES

16. Plaintiff Karla Maree is a citizen of the State of California and resides in Orange County, California. On January 7, 2020, Plaintiff purchased a ticket from Expedia.com for two flights on Lufthansa: a departing flight from Miami, Florida to Lagos, Nigeria, and a returning flight from Lagos to Miami. Plaintiff was to depart for Lagos on April 28, 2020, and to return to Miami on May 25, 2020. Plaintiff paid approximately $1085 for the round-trip ticket. However, the flight was cancelled by Lufthansa on April 4, 2020 due to the coronavirus, COVID-19. Plaintiff contacted Lufthansa about a cash refund but was told to reach out to Expedia.com instead. Expedia.com told Plaintiff they could not issue her a cash refund without instructions from Lufthansa, and instead issued her a travel voucher. Plaintiff did not request, nor has Plaintiff used the travel voucher. Expedia.com later issued a refund request to Lufthansa on Plaintiff's behalf, but without any guarantee that Plaintiff would

[10] LUFTHANSA REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729113-Reviews-or25-Lufthansa.html#REVIEWS (last accessed May 8, 2020).

receive a prompt cash refund. Plaintiff has not been refunded by Lufthansa, despite these repeated requests.

17. Defendant Deutsche Lufthansa AG is a corporation organized under the laws of the Germany with its headquarters in Cologne, Germany. Defendant Lufthansa conducts substantial business throughout the United States and in the State of California.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

19. This Court has personal jurisdiction over this action because Defendant purposefully availed itself of this forum by engaging in suit-related conduct in this District.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, as a foreign corporation, Defendant may be sued in any judicial district.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following Norwegian Class:

> All persons in the United States who purchased tickets for travel on a Lufthansa flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded.

22. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

23. Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

24. **Numerosity.** The members of the proposed Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of individuals that are members of the proposed Class. Although the precise number of proposed members is unknown to Plaintiff, the true number of members of the Class is known by Defendant. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

25. **Typicality.** The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all members of the Class, paid for a Lufthansa flight that was cancelled, and did not receive a refund for the cancelled flight or for any consequential damages and cancelations caused by the original cancelled flight. The representative Plaintiff, like all members of the Class, has been damaged by Defendant's misconduct in the very same way as the members of the Class. Further, the factual bases of Defendant's misconduct are common to all members of the Class and represent a common thread of misconduct resulting in injury to all members of the Class.

26. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and the Subclasses and predominate over any questions affecting only individual members of

the Class. These common legal and factual questions include, but are not limited to, the following:

    (a)    Whether Lufthansa failed to refund purchasers of cancelled flights and the consequential damages caused thereby;

    (b)    Whether Lufthansa falsely represented that customers whose flights were cancelled would receive a cash refund for cancelled flights;

    (c)    Whether Lufthansa is liable to Plaintiff and the Class for unjust enrichment;

    (d)    Whether Lufthansa unlawfully converted money from Plaintiff and members of the Class; and

    (e)    Whether Plaintiff and the Class are entitled to damages, restitution, equitable, injunctive, compulsory, or other relief.

27.    **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that are antagonistic to those of the Class.

28.    **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by members of the Class is relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if members of the Class could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from

the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

29. In the alternative, the Class may also be certified because:

(a) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Classes and Subclasses as a whole.

## CAUSES OF ACTION

### COUNT I
### Unjust Enrichment

30. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

31. Plaintiff brings this claim on behalf of herself and members of the Class.

32. Plaintiff and the Class conferred a benefit on Defendant in the form of monies paid to purchase airline tickets for flights that were later cancelled or subject to significant schedule change by Lufthansa.

33. Defendant has knowledge of these benefits.

34. Defendant voluntarily accepted and retained these benefits. Defendant voluntarily retained the benefit of the purchase price of the tickets in addition to consequential damages resulting from the cancelation (such as the customer having to cancel the return flight).

35. Because these benefits were obtained unlawfully, namely by selling airline tickets for flights that were later cancelled by Lufthansa, it would be unjust and inequitable for the Defendant to retain them without paying the value thereof.

**COUNT II**
**Conversion**

36. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

37. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

38. Plaintiff and members of the Class have an ownership right to the monies paid for the tickets for cancelled flights sold by Defendant, as well as for the consequential damages resulting therefrom.

39. Defendant has wrongly asserted dominion over the payments illegally diverted to them for the cancelled flights, and consequential damages resulting therefrom. Defendant has done so every time that Plaintiff and members of the Class paid to purchase a ticket for a flight that was later cancelled or subject to a significant schedule change by Lufthansa.

40. As a direct and proximate cause of Defendant's conversion, Plaintiff and members of the Class suffered damages in the amount of the payments made for each time they purchased a ticket for a flight that was cancelled or subject to a significant schedule change by Lufthansa, and in the amount of consequential damages resulting therefrom.

**COUNT III**
**Breach of Contract**

41. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

42. Plaintiff brings this claim on behalf of herself and members of the Class.

43. Defendant entered into contracts with Plaintiff and members of the Class to provide services in the form of flights in exchange for a set amount of money.

44. Plaintiff and members of the Class performed by paying the airline ticket fees for the flights before they were cancelled.

45. Defendant has breached these contracts by retaining Plaintiff and Class members' airline ticket fees while not providing flight services.

46. Plaintiff and members of the Class have suffered an injury through the payment of money for tickets while not receiving services in return.

## COUNT IV
## Money Had And Received

47. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

48. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

49. Defendant received money in the form of airline ticket fees that was intended to be used for the benefit of Plaintiff and the Class.

50. Those airline ticket fees were not used for the benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and airline ticket fees to Plaintiff and the Class.

51. Defendant obtained money in the form of airline ticket fees that was intended to be used to provide flights for Plaintiff and the Class. However,

Defendant has retained all of the airline ticket fees while cancelling its flights that Plaintiff and members of the Class were supposed to be passengers on.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Class, that the Court enter judgment in their favor and against Defendant as follows:

(a) An Order certifying the proposed Classes and appointing Plaintiff and her Counsel to represent the Class;

(b) An Order requiring Defendant to immediately issue refunds to Plaintiff and members of the Class for the cost of cancelled tickets, any cancellation fees, and consequential damages resulting therefrom;

(c) An Order of disgorgement of wrongfully obtained profits;

(d) An award of compensatory, statutory, and punitive damages, in an amount to be determined;

(e) An award of reasonable attorneys' fees costs and litigation expenses, as allowable by law;

(f) Interest on all amounts awarded, as allowed by law; and

(g) Such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: May 12, 2020

Respectfully Submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Yeremey Krivoshey*
Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)

Yeremey Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
ykrivoshey@bursor.com

*Attorneys for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Yeremey Krivoshey, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and I am member of the bar of this Court. I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2. The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in this District.

3. I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Richmond, California this 12th day of May, 2020.

*/s/ Yeremey Krivoshey*
Yeremey Krivoshey