UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | SACV 20-885-MWF (MRWx) | **Date:** October 7, 2020 |
| **Title:** | Karla Maree v. Deutsche Lufthansa AG | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER RE: DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS CASE [29]

Before the Court is Defendant Deutsche Lufthansa AG's ("Lufthansa") Motion to Compel Arbitration and Dismiss Complaint (the "Motion"), filed on August 14, 2020. (Docket No. 29). On September 8, 2020, Plaintiff Karla Maree filed an opposition. (Docket No. 36). On September 21, 2020, Lufthansa filed a reply. (Docket No. 38).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on **October 5, 2020**, pursuant to General Order 20-09 arising from the COVID-19 pandemic.

The Court rules as follows:

- The Motion to Dismiss is **GRANTED** *with leave to amend*, except as to the rescission claim which is **DISMISSED**. Because Plaintiff received a refund from Lufthansa, her ability to state a claim depends on whether she can allege facts showing that she was injured by Lufthansa's failure to perform within a reasonable time and that she suffered consequential damages that are recoverable under the specific terms of the Conditions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. SACV 20-885-MWF (MRWx) | Date: October 7, 2020 |
| Title: Karla Maree v. Deutsche Lufthansa AG | |

of Carriage. Under California law, rescission is a remedy, not a separate claim for relief.

- The Court defers ruling on the Motion to Compel Arbitration. If Plaintiff decides that she is unable to amend her claims to comply with this Order, the arbitration issue will be moot. If Plaintiff files a SAC, Lufthansa will have an opportunity at that point to provide evidence of the design and content of Expedia.com's website as it appeared in January 2020.

## I. BACKGROUND

On May 12, 2020, Plaintiff initiated this putative class action lawsuit against Lufthansa. (Class Action Complaint (Docket No. 1)). On July 31, 2020, Plaintiff filed her First Amended Class Action Complaint ("FAC") pursuant to stipulation, which the Court granted. (*See* Docket Nos. 27, 28).

The FAC makes the following allegations, which the Court takes as true and construes in the light most favorable to Plaintiff. *See*, *e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff" (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009))).

Defendant Lufthansa announced in March 2020 that it would be cancelling a total of 23,000 flights between March 2020 and April 2020 due to COVID-19. (FAC ¶ 6). Plaintiff, like many other travelers, had purchased flights with Lufthansa during this time period. (*Id.* ¶ 7). As part of Plaintiff's trip, Plaintiff was to embark on two flights that were either departing from or destined for the United States: a departing flight from Miami, Florida to Lagos, Nigeria, and a return flight from Lagos to Miami. (*Id.*). Plaintiff purchased her flight tickets on Expedia.com. (*Id.* ¶ 8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  SACV 20-885-MWF (MRWx)**                **Date:  October 7, 2020**
**Title:     Karla Maree v. Deutsche Lufthansa AG**

Plaintiff's flights were cancelled by Lufthansa due to the coronavirus travel restrictions.  (*Id*. ¶ 9).  Plaintiff contacted Lufthansa about getting a cash refund, but was told by Lufthansa to take the matter up with Expedia.com.  (*Id*. ¶ 10).  Expdia.com told Plaintiff that they could not issue a refund without instructions from Lufthansa, but issued a travel voucher to Plaintiff instead.  (*Id*.).  Expedia.com later issued a refund request to Lufthansa on Plaintiff's behalf, but without any guarantee that Plaintiff would receive a prompt cash refund.  (*Id*.).  Plaintiff was not refunded by Lufthansa or Expedia.com prior to the filing of the initial Complaint, despite these repeated requests.  (*Id*.).

Lufthansa also represents in its General Conditions of Carriage:  "We will give you a refund . . . if we cancel a flight" and "[i]f you have not used any portion of the ticket, [the refund will be] an amount equal to the airfare paid."  (*Id*. ¶ 9).  Plaintiff requested a refund from Lufthansa, which never came.  (*Id*. ¶ 9).  Further, upon information and belief, Plaintiff would not have been able to get a cash refund, as Lufthansa is only offering credits.  (*Id*. ¶ 9).

Based on the above allegations, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following putative class:

> All persons in the United States who purchased tickets for travel on a Lufthansa flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded within seven days of the cancellation, or upon request.

(*Id*. ¶ 25).  Plaintiff asserts, on her behalf and on behalf of the putative class, two claims:  (1) breach of contract, and (2) rescission.  (*Id*. ¶¶ 34-48).  Plaintiff seeks class certification and designation as the class representative, the cost of cancelled tickets, cancellation fees, consequential damages resulting therefrom, compensatory damages in an amount to be determined, attorneys' fees and costs and litigation expenses, rescission of the Conditions of Carriage, and interest on all amounts awarded.  (*Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  SACV 20-885-MWF (MRWx)**           **Date:  October 7, 2020**
**Title:     Karla Maree v. Deutsche Lufthansa AG**

Prayer for Relief ¶¶ a-g).

## II.     REQUEST FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either:  (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

In connection with the Motion, Lufthansa requests that the Court take judicial notice of several documents.  (*See* request for judicial notice ("RJN") (Docket No. 30); Motion, Exhibits A-G (Docket No. 29-2); Reply, Exhibits 1-4 (Docket No. 38-1)).

Exhibits A-F are documents made publicly available by government entities, and are matters of public record not subject to reasonable dispute.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (holding that printouts from defendant's own website are judicially noticeable).

Exhibit E is a screenshot of the checkout flow for purchasing airline tickets on Expedia.com.  As Plaintiff correctly points out, the RJN does not state what date the screenshot was taken or whether it is an accurate representation of what Plaintiff saw when she bought her flights on Expedia.com in January 2020.  At the hearing, Lufthansa represented that the screenshot was captured in August 2020, but that it was in the process of obtaining a declaration from Expedia.com which would confirm that the checkout flow in August 2020 was the same as in January 2020.

Exhibit G is an email from Lufthansa to Plaintiff dated May 22, 2020.  The Court disagrees with Lufthansa that this document is incorporated by reference in the FAC.  To the contrary, the FAC never mentions this document.  However, Lufthansa also argues that the Court may consider this document in resolving the motion to dismiss because it lodges a factual attack on subject-matter jurisdiction.  *See Dane-*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  SACV 20-885-MWF (MRWx)**              **Date:  October 7, 2020**
**Title:      Karla Maree v. Deutsche Lufthansa AG**

*Elec Corp. USA v. Bodokh*, SACV-13-02008-MWF (RNBx), 2015 WL 12734786, at *2 (C.D. Cal. May 26, 2015) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.").  Plaintiff does not contest the authenticity or content of this document, and admits in the Opposition that she was, in fact, refunded by Lufthansa.  (Opposition at 1).

Exhibits 1 and 2 are press releases from Lufthansa's website.  Although these documents are publicly available, their content ***is*** subject to reasonable dispute (the central dispute of this lawsuit, in fact).  Exhibit 3 is an order issued in *Cherish Daversa-Evdyriadis v. Norwegian Air Shuttle ASA*, EDCV 20-767-JGB (SPx) (C.D. Cal. Sept. 17, 2020).  Exhibit 4 is a declaration filed in support of a motion to compel arbitration in *Frank Moreno v. Expedia*, No. 3:18-CV-105-GCM (Docket No. 8-1), filed on March 29, 2018 (W.D.N.C.).  Exhibits 3 and 4 are judicially noticeable because they are public filings.

The RJN is **DENIED** as to Exhibits 1 and 2, as they are not judicially noticeable.  The RJN is **GRANTED** as to Exhibit G, as Lufthansa presents this document to lodge a factual attack on jurisdiction.  Exhibits A, B, C, D, E, F, 3, and 4 are judicially noticeable because they are matters of public record.  However, the Court would reach the same conclusion regardless of whether it considered these documents.  Therefore, the RJN as to Exhibits  A, B, C, D, F, 3, and 4 is **DENIED** *as moot*.

### III.   **DISCUSSION**

#### A.   **Defendant's Motion to Compel Arbitration**

Lufthansa argues that Plaintiff should be compelled to arbitrate her claims individually.  (Motion at 7-11).  According to Lufthansa, when Plaintiff booked her flights through Expedia.com's website, she agreed to Expedia.com's Terms of Use which included an arbitration agreement and class action waiver.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | SACV 20-885-MWF (MRWx) | Date: October 7, 2020 |
| Title: | Karla Maree v. Deutsche Lufthansa AG | |

In support of this argument, Lufthansa requests that the Court take judicial notice of a screenshot of Expedia.com's webpage. *See* RJN, Ex. E. Plaintiff argues that Lufthansa failed to establish that the Exhibit E screenshot is an accurate depiction of what Plaintiff saw when she booked her flight on Expedia.com's webpage in January 2020. (Opposition at 8). At the hearing, Lufthansa represented that Exhibit E depicts the website as it looked in August 2020. The Court agrees with Plaintiff that it would be improper to rule on the existence of an arbitration agreement without first determining, as a factual matter, what the website looked like on the relevant date.

Accordingly, the Court will defer ruling on Lufthansa's Motion to Compel Arbitration until after Plaintiff files (if she files) a SAC. At that point, Lufthansa may re-raise this issue by providing the Court with information that verifies the website's design and content as it appeared in January 2020.

### B. Motion to Dismiss FAC

Lufthansa argues that dismissal is appropriate under Federal Rules of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, and Rule 12(b)(6) for failure to state a claim for breach of contract. (Motion at 12-25).

#### 1. Rule 12(b)(1) Dismissal

Lufthansa argues that the FAC must be dismissed under Rule 12(b)(1) because Plaintiff received a full refund after she filed the Complaint but before she filed the FAC, rendering her claims moot. (Motion at 12-16). Lufthansa also asserts that Plaintiff lacks standing for the same reason. (*Id.*).

"The Constitution's case-or-controversy limitation on federal judicial authority, Art. III, § 2, underpins both our standing and our mootness jurisprudence," but the two inquiries are different. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). To satisfy Article III's standing requirements, "a plaintiff must show 'injury in fact,' causation, and redressability" "at the time the action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** SACV 20-885-MWF (MRWx) | **Date:** October 7, 2020 |
| **Title:** Karla Maree v. Deutsche Lufthansa AG | |

commences." *Id*. at 168, 191. (citations omitted). The mootness doctrine requires dispensing of cases "in which one or both of the parties plainly lack a continuing interest[.]" *Id*. at 191. "Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242.

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone*, 373 F.3d at 1039. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*.

Lufthansa's jurisdictional attack is factual, as it disputes the truth of Plaintiff's allegations. Specifically, Lufthansa argues that the FAC untruthfully alleges that Plaintiff never received a refund, when she did, in fact, receive a refund. (*See* RJN at 7, Exhibit G). Plaintiff admits in the Opposition that she received a refund after filing the Complaint, but before filing the FAC. (Opposition at 1). Lufthansa asserts that Plaintiff cannot establish Article III subject-matter jurisdiction because at the time the FAC was filed, Plaintiff had already received the relief she requested, rendering her without an injury in fact and making it "impossible for a court to grant any effectual relief." (Reply at 19 (quoting *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016))).

"Under California law, a breach of contract claim requires a showing of appreciable and actual damage." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000). Because Plaintiff has received a refund, she can meet Article III's case-or-controversy requirement only if she can show she suffered some other type of actual damage. Although the FAC requests consequential damages, the Court agrees with Lufthansa that Plaintiff has failed to provide any facts showing she suffered consequential damages as a result of Lufthansa's alleged breach of contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. SACV 20-885-MWF (MRWx) | Date: October 7, 2020 |
| Title: Karla Maree v. Deutsche Lufthansa AG | |

### 2. Rule 12(b)(6) Dismissal

Because Plaintiff will have the opportunity to amend the FAC, the Court addresses the parties' breach of contract arguments.

Lufthansa asserts that Plaintiff cannot state a claim for breach of contract because she received a refund, and thus, Lufthansa necessarily did not breach the parties' agreement. (Motion at 16). Lufthansa also argues that the Conditions of Carriage prohibit Plaintiff from seeking consequential damages. (*Id*. at 24). Plaintiff argues that: (1) California Civil Code section 1657 required Lufthansa to issue the refund immediately upon request; and (2) the Department of Transportation ("DOT") regulations require airlines to issue refunds within seven days of cancellation. (Opposition at 16-19). Lufthansa responds that the Airline Deregulation Act ("ADA") preempts Plaintiff's application of Civil Code section 1657, and that DOT regulations are not incorporated into the contract.

The Court agrees with Lufthansa that the DOT regulations relied upon by Plaintiff are not incorporated into Lufthansa's Conditions of Carriage. *See Daversa-Evdyriadis v. Norwegian Air Shuttle ASA*, EDCV 20-767-JGB (SPX), 2020 WL 5625740, at *4 (C.D. Cal. Sept. 17, 2020) (collecting cases and stating its agreement "with the vast majority of its sister courts . . . that boilerplate contractual language guaranteeing compliance with international or domestic aviation laws does not incorporate extraneous law into the terms of an airfare contract").

The Court also agrees with Lufthansa that the ADA preempts application of Civil Code section 1657 to the Conditions of Carriage. However, Plaintiff may be able to state a breach of contract claim under general principles of contract law upon amendment.

Lufthansa's Conditions of Carriage require Lufthansa to issue a full refund upon cancellation of an unused flight. (*See* FAC, Ex. 1, Lufthansa General Conditions of Carriage §§ 10.2.1, 10.2.1.1 ("We will give you a refund . . . if we cancel a flight . . . .

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | **8** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. SACV 20-885-MWF (MRWx)**      **Date: October 7, 2020**
**Title:**     Karla Maree v. Deutsche Lufthansa AG

If you have not used any portion of the ticket, an amount equal to the airfare paid"). The agreement is silent as to the timing of the refund.

The Supreme Court in *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 220 (1995), held that a state law claim premised on an airline's breach of its express terms and conditions was not preempted by the ADA because enforcement of private, "self-imposed undertakings" do not amount to a state's enactment or enforcement of state law, as prohibited by the ADA. *See also Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1064 (9th Cir. 2017). However, the ADA *does* preempt a contract's "enlargement or enhancement based on state laws or policies external to the agreement." *Wolens*, 513 U.S. at 233.

The Court determines that the ADA preempts section 1657's application to the Conditions of Carriage. Because Lufthansa did not agree to issue refunds "immediately," as the statute requires, applying this provision would impermissibly "enlarge[] or enhance[]" the parties' agreement." *See Daversa-Evdyriadis*, 2020 WL 5625740, at *6.

However, implicit in the Supreme Court's opinion in *Wolens* is that courts would remain free to use general principles of contract law to interpret parties' agreements without running afoul of the ADA. *See Wolens*, 513 U.S. at 232 ("the ADA permits state-law-based court adjudication of routine breach-of-contract claims"); *accord Hickcox-Huffman*, 855 F.3d at 1065 n.39 (relying upon and citing to Restatement (Second) of Contracts (Am. Law Inst. 1981)); *Cox v. Spirit Airlines, Inc.*, 786 F. App'x 283, 285 (2d Cir. 2019) ("Under *Wolens*, routine contract claims may proceed, which necessarily requires employing tools of contractual interpretation.").

Under general principles of contract law, where a contract calls for singular performance and "no time is specified, a term calling for performance within a reasonable time is supplied." Restatement (Second) of Contracts § 204 (1981); *see id*. § 33 ("Valid contracts are often made which do not specify the time for performance. Where the contract calls for a single performance such as the rendering of a service or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. SACV 20-885-MWF (MRWx)**       **Date:  October 7, 2020**
**Title:       Karla Maree v. Deutsche Lufthansa AG**

the delivery of goods, the time for performance is a 'reasonable time.'").  "[W]hat constitutes a reasonable time is a question of fact, which depends on the situation of the parties, the nature of the transaction, and the facts of the particular case."  *The McCaffrey Grp., Inc. v. Superior Court*, 224 Cal. App. 4th 1330, 1351, 169 Cal. Rptr. 3d 766 (2014) (citation and internal alterations omitted).

Although Plaintiff received a refund after filing the Complaint, the ADA would not preempt her claim for breach of contract based on Lufthansa's alleged failure to perform within a reasonable time.  However, to survive a Rule 12(b)(6) motion to dismiss under this theory, Plaintiff must allege sufficient facts to plausibly show that the timing of Lufthansa's performance (the refund) was unreasonable.

Plaintiff must also allege that she suffered damages to prevail on a breach of contract claim.  *Abdelhamid v. Fire Ins. Exchange*, 182 Cal. App. 4th 990, 999, 106 Cal. Rptr. 3d 26 (2010).  Although Plaintiff already received a refund, she may allege other damages, so long as those damages are recoverable under the express terms of the Conditions of Carriage.  For example, consequential damages are limited but not prohibited under the terms of the parties' agreement.  (*See id*. § 14.1.7 ("Under no circumstances will our liability exceed the amount of the damage documented.  We are only liable for indirect or consequential damages if we caused them intentionally or due to gross negligence[.]").  Plaintiff will also need to allege sufficient facts showing that she would be able to plausibly obtain consequential damages under the contract.

Finally, the Court agrees with Lufthansa that "rescission is a remedy, not a cause of action."  *Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1072 (C.D. Cal. 2010) (citing Cal. Civ. Code § 1691(b); *Nakash v. Superior Court*, 196 Cal. App. 3d 59, 69-70, 241 Cal. Rptr. 578 (1987); *see also Ozuna v. Home Capital Funding*, No. 08-CV-2367-IEG (AJB), 2009 WL 4544131, at *11 (S.D. Cal. Dec. 1, 2009) (dismissing rescission claim because it is not a cause of action distinct from breach of contract).  Therefore, the Motion as to this claim is **GRANTED** *without leave to amend*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  SACV 20-885-MWF (MRWx) | Date:  October 7, 2020 |
| Title:     Karla Maree v. Deutsche Lufthansa AG | |

## IV.   CONCLUSION

As Lufthansa has not provided the Court with information establishing the design and content of Expedia.com's website when Plaintiff purchased her ticket in January 2020, the Court defers ruling on the Motion to Compel Arbitration.  The Court will also defer ruling on the Motion to Consolidate until after Plaintiff files (if she files) a SAC.

The Motion to Dismiss is **GRANTED *with leave to amend*** as to the FAC's breach of contract claim.  Plaintiff shall have one further opportunity to amend the First Amended Complaint.  *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) ("A complaint should not be dismissed without leave to amend unless amendment would be futile.").  But Plaintiffs are warned that the next attempt will be their final opportunity; while there may be a Second Amended Complaint, there will be no Third.

Plaintiff's rescission claim as such is **DISMISSED,** without ruling on whether rescission might constitute an appropriate remedy.

Plaintiff shall file her Second Amended Complaint, if any, on or before **October 21, 2020**.  Lufthansa shall file a response to the SAC by no later than **November 4, 2020**.  The case will be dismissed with prejudice if Plaintiff fails to file the SAC by October 21, 2020.

IT IS SO ORDERED.