1    CHRISTOPHER M. YOUNG (Bar No. 163319)
christopher.young@dlapiper.com
2    **DLA PIPER LLP (US)**
401 B Street, Suite 1700
3    San Diego, CA 92101-4297
Tel: 619.699.2700
4    Fax: 619.699.2701

5    KEARA M. GORDON (*pro hac vice*)
keara.gordon@dlapiper.com
6    COLLEEN CAREY GULLIVER (*pro hac vice*)
colleen.gulliver@dlapiper.com
7    **DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
8    New York, NY 10020-1104
Tel: 212.335.4500
9    Fax: 212.335.4501

10    Attorneys for Defendant

11    DEUTSCHE LUFTHANSA AG

12

13    **UNITED STATES DISTRICT COURT**

14    **CENTRAL DISTRICT OF CALIFORNIA**

15

16    KARLA MAREE, an individual, on behalf of herself and all others similarly situated,

     CASE NO. 8:20-cv-885-MWF-MRW

17

     **STIPULATED PROTECTIVE ORDER**

18          Plaintiffs,

     (MRW VERSION 4/19)

19      v.
DEUTSCHE LUFTHANSA AG,

     ☐ Check if submitted without material modifications to MRW form

20          Defendant.

21

22

23

24

25

26

27

28

EAST\184397877.1

1.    INTRODUCTION

     1.1    PURPOSES AND LIMITATIONS

     Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

     1.2    GOOD CAUSE STATEMENT

     Defendant contends this action is likely to involve the exchange of valuable commercial, financial, technical, proprietary, and/or private information that is maintained as confidential in the ordinary course of its business, and for which special protection from public disclosure and from use for any purpose outside of this litigation is warranted. Defendant contends the confidential and proprietary materials and information will likely include, among other things, confidential business practices and financial information, as well as confidential commercial information implicating the privacy rights of consumers and other third parties, including personal identifying information of customers and other individuals such as names, dates of birth, contact information, or credit card or banking information. Defendant contends that because it is headquartered in Germany, discovery in this

2

1   case may also implicate third-party privacy rights governed by the European

2   Union's General Data Protection Regulation ("GDPR").  Accordingly, to expedite

3   the flow of information; to facilitate the prompt resolution of disputes concerning

4   confidential treatment of discovery materials; to adequately protect information that

5   the parties are entitled or obligated to keep confidential; to ensure that the parties are

6   permitted reasonably necessary uses of such material in preparation for and in the

7   conduct of trial; to ensure the appropriate handling of such materials at the

8   conclusion of litigation; and to serve the ends of justice, a protective order is

9   justified in this matter.

10        It is the intent of the parties that information will not be designated as

11  confidential for tactical reasons and that nothing be so designated without a good

12  faith belief that it has been maintained in a confidential manner, and that there exists

13  good cause why it should not be part of the public record in this case.

14  2.    DEFINITIONS

15        2.1    Action: *Maree v. Deutsche Lufthansa AG*, Case No. 8:20-cv-885-

16  MWF-MRW, the above-captioned action.

17        2.2    Challenging Party:  a Party or Non-Party that challenges the

18  designation of information or items under this Order.

19        2.3    "CONFIDENTIAL" Information or Items:  information (regardless of

20  how it is generated, stored or maintained) or tangible things that qualify for

21  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

22  the Good Cause Statement, including, without limitation, Disclosure or Discovery

23  Material reflecting (i) confidential business practices, proprietary information, and

24  financial information; (ii) potentially sensitive personal identifying information,

25  including but not limited to names, dates of birth, contact information, and banking

26  or credit card information, of customers and/or third parties; (iii) any material

27  prohibited from disclosure by court order or any applicable law (including, without

28

3

EAST\184397877.1

1   limitation, the GDPR), but is nonetheless discoverable; or (iv) other information

2   otherwise covered by a legitimate right or interest of privacy.

3        2.4   Counsel:  Outside Counsel of Record and House Counsel (as well as

4   their support staff).

5        2.5   Designating Party:  a Party or Non-Party that designates information or

6   items that it produces in disclosures or in responses to discovery as

7   "CONFIDENTIAL."

8        2.6   Disclosure or Discovery Material:  all items or information, regardless

9   of the medium or manner in which it is generated, stored, or maintained (including,

10  among other things, testimony, transcripts, and tangible things), that are produced or

11  generated in disclosures or responses to discovery in this matter.

12       2.7   Expert:  a person with specialized knowledge or experience in a matter

13  pertinent to the litigation who has been retained by a Party or its counsel to serve as

14  an expert witness or as a consultant in this Action.

15       2.8   House Counsel:  attorneys who are employees of a party to this Action.

16  House Counsel does not include Outside Counsel of Record or any other outside

17  counsel.

18       2.9   Non-Party:  any natural person, partnership, corporation, association, or

19  other legal entity not named as a Party to this action.

20       2.10  Outside Counsel of Record:  attorneys who are not employees of a

21  party to this Action but are retained to represent or advise a party to this Action and

22  have appeared in this Action on behalf of that party or are affiliated with a law firm

23  which has appeared on behalf of that party, and includes support staff.

24       2.11  Party:  any party to this Action, including all of its officers, directors,

25  employees, House Counsel, consultants, retained Experts, and Outside Counsel of

26  Record (and their support staffs).

27

28

4

EAST\184397877.1

2.12   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The Parties agree to abide by the terms of this Order

5

EAST\184397877.1

1    until such time as the Court acts on it, and after such time if the Court enters the

2    Order in the form presented.  If the Court rejects the Order or enters a modified

3    version of it, any Designating Party that marked information CONFIDENTIAL

4    under the form of the Order presented will have fourteen (14) days to either (a)

5    inform the Receiving  Party that the information should be treated as

6    CONFIDENTIAL under the terms of any modified order or to (b) request return of

7    the information marked CONFIDENTIAL under the form of the Order presented, in

8    which case the Receiving Party shall either return it or sequester it pending further

9    Court order regarding that material.  If the Designating Party takes no action within

10    that fourteen (14) day period the information previously marked CONFIDENTIAL

11    under the form of the Order presented will no longer be entitled to any protection.

12    5.    DESIGNATING PROTECTED MATERIAL

13        5.1    Exercise of Restraint and Care in Designating Material for Protection.

14    Each Party or Non-Party that designates information or items for protection under

15    this Order must take care to limit any such designation to specific material that

16    qualifies under the appropriate standards.  The Designating Party must designate for

17    protection only those parts of material, documents, items, or oral or written

18    communications that qualify so that other portions of the material, documents,

19    items, or communications for which protection is not warranted are not swept

20    unjustifiably within the ambit of this Order.

21        Mass, indiscriminate, or routinized designations are prohibited.  Designations

22    that are shown to be clearly unjustified or that have been made for an improper

23    purpose (e.g., to unnecessarily encumber the case development process or to impose

24    unnecessary expenses and burdens on other parties) may expose the Designating

25    Party to sanctions.

26

27

28

EAST\184397877.1

1    If it comes to a Designating Party's attention that information or items that it

2  designated for protection do not qualify for protection, that Designating Party must

3  promptly notify all other Parties that it is withdrawing the inapplicable designation.

4    5.2    Manner and Timing of Designations.  Except as otherwise provided in

5  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

6  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

7  under this Order must be clearly so designated before the material is disclosed or

8  produced.

9    Designation in conformity with this Order requires:

10    (a)  for information in documentary form (e.g., paper or electronic documents,

11  but excluding transcripts of depositions or other pretrial or trial proceedings), that

12  the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

13  "CONFIDENTIAL legend"), to each page that contains protected material.  If only a

14  portion or portions of the material on a page qualifies for protection, the Producing

15  Party must also clearly identify the protected portion(s) (e.g. by making appropriate

16  markings in the margins).

17    A Party or Non-Party that makes original documents available for inspection

18  need not designate them for protection until after the inspecting Party has indicated

19  which documents it would like copied and produced. During the inspection and

20  before the designation, all of the material made available for inspection will be

21  deemed "CONFIDENTIAL."  After the inspecting Party has identified the

22  documents it wants copied and produced, the Producing Party must determine which

23  documents, or portions thereof, qualify for protection under this Order. Then, before

24  producing the specified documents, the Producing Party must affix the

25  "CONFIDENTIAL legend" to each page that contains Protected Material.   If only

26  a portion or portions of the material on a page qualifies for protection, the Producing

27

28

7

1   Party must also clearly identify the protected portion(s) (e.g. by making appropriate

2   markings in the margins).

3         (b)  for testimony given in depositions or in non-public pretrial proceedings, a

4   Designating Party may identify on the record, before the close of the deposition or

5   other proceeding, all protected testimony, and further specify any portions of the

6   testimony that qualify as "CONFIDENTIAL" or, if it is impractical to specify

7   portions entitled to protection on the date of the deposition or other proceeding, may

8   invoke the right to designate specific portions as "CONFIDENTIAL"  following the

9   deposition or other proceeding.  In such case, the Designating Party shall have thirty

10  (30) days after the transcript becomes available to identify the specific portions of

11  the testimony as to which protection is sought.

12        (c)  for information produced in some form other than documentary and for

13  any other tangible items, that the Producing Party affix in a prominent place on the

14  exterior of the container or containers in which the information  is stored the legend

15  "CONFIDENTIAL."  If only a portion or portions of the information warrants

16  protection, the Producing Party, to the extent practicable, will identify the protected

17  portion(s).

18        5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

19  failure to designate qualified information or items does not, standing alone, waive

20  the Designating Party's right to secure protection under this Order for such material.

21  Upon timely correction of a designation, the Receiving Party must make reasonable

22  efforts to assure that the material is treated in accordance with the provisions of this

23  Order.

24        5.4    Inconsistent Designations.  In the event a Party or non-party produces

25  two or more identical copies of a document and any such copy is designated with a

26  lesser degree of confidentiality than any other copy, all such identical documents

27  shall be treated in accordance with the more restrictive designation on any copy

28

8

EAST\184397877.1

1 once the inconsistent designation is known, pending resolution of the issue.

2 Whichever Party or non-party (or its, his, or her counsel) first discovers such

3 inconsistent designation shall promptly contact counsel for the other Party or non-

4 party, whereupon counsel for the Parties or non-parties shall meet and confer in

5 good faith to try to resolve which designation should apply to the inconsistently

6 designated document(s).  If counsel cannot agree to resolve the inconsistent

7 designation, such dispute shall be treated as a challenge to the more restrictive

8 designation and resolved as provided in paragraph 6 of this Order.

9 6.       CHALLENGING CONFIDENTIALITY DESIGNATIONS

10       6.1     Timing of Challenges.  Any Party or Non-Party may challenge a

11 designation of confidentiality at any time that is consistent with the Court's

12 Scheduling Order.

13       6.2     Meet and Confer.  The Challenging Party will initiate the dispute

14 resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1

15 et seq.

16       6.3     The burden of persuasion in any such challenge proceeding will be on

17 the Designating Party.  Frivolous challenges, and those made for an improper

18 purpose (e.g., to harass or impose unnecessary expenses and burdens on other

19 parties) may expose the Challenging Party to sanctions.  Unless the Designating

20 Party has waived or withdrawn the confidentiality designation, all parties will

21 continue to afford the material in question the level of protection to which it is

22 entitled under the Producing Party's designation until the Court rules on the

23 challenge.

24 7.       ACCESS TO AND USE OF PROTECTED MATERIAL

25       7.1     Basic Principles. A Receiving Party may use Protected Material that is

26 disclosed or produced by another Party or by a Non-Party in connection with this

27 Action only for prosecuting, defending, or attempting to settle this Action.  Such

28

9

1  Protected Material may be disclosed only to the categories of persons and under the

2  conditions described in this Order. When the Action has been terminated, a

3  Receiving Party must comply with the provisions of section 13 below (FINAL

4  DISPOSITION).

5        Protected Material must be stored and maintained by a Receiving Party at a

6  location and in a secure manner that ensures that access is limited to the persons

7  authorized under this Order.

8        7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

9  otherwise ordered by the court or permitted in writing by the Designating Party, a

10  Receiving Party may disclose any information or item designated

11  "CONFIDENTIAL" only to:

12            (a)  the Receiving Party's Outside Counsel of Record in this Action, as

13  well as employees of said Outside Counsel of Record to whom it is reasonably

14  necessary to disclose the information for this Action;

15            (b)  the officers, directors, and employees (including House Counsel) of

16  the Receiving Party to whom disclosure is reasonably necessary for this Action;

17            (c)  Experts (as defined in this Order) of the Receiving Party to whom

18  disclosure is reasonably necessary for this Action and who have signed the

19  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20            (d)  the Court and its personnel;

21            (e)  court reporters, videographers, and their staff;

22            (f)  professional jury or trial consultants, mock jurors, and Professional

23  Vendors to whom disclosure is reasonably necessary for this Action and who have

24  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25            (g)  the author or recipient of a document containing the information or a

26  custodian or other person who otherwise possessed or knew the information;

27

28

10

1    (h)  during their depositions, witnesses, and attorneys for witnesses, in the

2    Action to whom disclosure is reasonably necessary provided: (1) the deposing party

3    requests that the witness sign the form attached as Exhibit A hereto; and (2) they

4    will not be permitted to keep any confidential information unless they sign the

5    "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

6    agreed by the Designating Party or ordered by the court.  Pages of transcribed

7    deposition testimony or exhibits to depositions that reveal Protected Material may

8    be separately bound by the court reporter and may not be disclosed to anyone except

9    as permitted under this Stipulated Protective Order; and

10    (i)  any mediator or settlement officer, and their supporting personnel,

11    mutually agreed upon by any of the Parties engaged in settlement discussions; and

12    (j)  such other persons as hereafter may be designated by written

13    agreement of the parties or by order of the Court and who execute the

14    "Acknowledgment and Agreement to Be Bound" (Exhibit A).

15    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

16    LITIGATION

17    If a Party is served with a subpoena or a court order issued in other litigation

18    that compels disclosure of any information or items designated in this Action as

19    "CONFIDENTIAL," that Party must:

20    (a)  promptly notify in writing the Designating Party. Such notification

21    will include a copy of the subpoena or court order;

22    (b)  promptly notify in writing the party who caused the subpoena or order

23    to issue in the other litigation that some or all of the material covered by the

24    subpoena or order is subject to this Protective Order.  Such notification will include

25    a copy of this Stipulated Protective Order; and

26    (c)  cooperate with respect to all reasonable procedures sought to be

27    pursued by the Designating Party whose Protected Material may be affected.

28

11

EAST\184397877.1

1    If the Designating Party timely seeks a protective order, the Party served with

2    the subpoena or court order will not produce any information designated in this

3    action as "CONFIDENTIAL" before a determination by the court from which the

4    subpoena or order issued, unless the Party has obtained the Designating Party's

5    permission.  The Designating Party will bear the burden and expense of seeking

6    protection in that court of its confidential material and nothing in these provisions

7    should be construed as authorizing or encouraging a Receiving Party in this Action

8    to disobey a lawful directive from another court.

9    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

10   LITIGATION

11   (a)  The terms of this Order are applicable to information produced by a

12   Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

13   produced by Non-Parties in connection with this litigation is protected by the

14   remedies and relief provided by this Order.  Nothing in these provisions should be

15   construed as prohibiting a Non-Party from seeking additional protections.

16   (b)  In the event that a Party is required, by a valid discovery request, to

17   produce a Non-Party's confidential information in its possession, and the Party is

18   subject to an agreement with the Non-Party not to produce the Non-Party's

19   confidential information, then the Party will:

20   (1)  promptly notify in writing the Requesting Party and the Non-Party

21   that some or all of the information requested is subject to a confidentiality

22   agreement with a Non-Party;

23   (2)  promptly provide the Non-Party with a copy of the Stipulated

24   Protective Order in this Action, the relevant discovery request(s), and a reasonably

25   specific description of the information requested; and

26   (3)  make the information requested available for inspection by the

27   Non-Party, if requested.

28

12

EAST\184397877.1

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

13

EAST\184397877.1

12.    MISCELLANEOUS

     12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

     12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

     12.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.    FINAL DISPOSITION

     After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

14

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

work product, and consultant and expert work product, even if such materials

contain Protected Material. Any such archival copies that contain or constitute

Protected Material remain subject to this Protective Order as set forth in Section 4

(DURATION).

14.    Any willful violation of this Order may be punished by civil or criminal

contempt proceedings, financial or evidentiary sanctions, reference to disciplinary

authorities, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  August 16, 2021          /s/Yeremey Krivoshey
                                 Attorneys for Plaintiffs


DATED:  August 16, 2021          /s/ Christopher M. Young
                                 Attorneys for Defendant


**ORDER GRANTING STIPULATED PROTECTIVE ORDER**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


DATED:  August 17, 2021          _____
                                 HON. MICHAEL R. WILNER
                                 United States Magistrate Judge

15

EAST\184397877.1

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Maree v. Deutsche Lufthansa AG*, Case No. 8:20-cv-885-MWF-MRW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

16

EAST\184397877.1

1

### Attestation of Concurrence in Filing

2

      I, Christopher M. Young, am the ECF user whose ID and password are being

3

used to file the foregoing Stipulation.  Pursuant to Local Rule 5-4.3.4(a)(2), I hereby

4

attest that all signatories listed above, and on whose behalf this filing is submitted,

5

concur in the filing's content and have authorized the filing.

6

7

  Dated:  August 16, 2021             **DLA PIPER LLP (US)**

8

9

                By: */s/Christopher M. Young*
                     CHRISTOPHER M. YOUNG

10

                     KEARA M. GORDON
                     COLLEEN CAREY GULLIVER

11

                     Attorneys for Defendant
                     DEUTSCHE LUFTHANSA AG

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17