UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00885-SVW-MRW | Date | August 21, 2023 |
|---|---|---|---|
| Title | *Karla Maree v. Deutsche Lufthansa AG* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER GRANTING FINAL SETTLEMENT APPROVAL [206]

## I. Introduction

Before the Court is a motion for Final Settlement Approval submitted by Plaintiffs Karlee Maree and Mourad Guerdad (collectively the "Maree Plaintiffs"). ECF No. 206. For the foregoing reasons, the Court GRANTS the motion.

## II. Background[1]

### a. Factual Background

The present action arises from the cancellation of flights by Defendant Deutsche Lufthansa AG during the COVID-19 pandemic. The Maree Plaintiffs were two customers of Lufthansa who purchased flights that were cancelled. The Maree Plaintiffs bring a breach of contract claim seeking refunds as well as consequential and incidental damages as a result of the flight cancellations and filed the instant class action. ECF No. 1.

---

[1] The Court has previously recounted the details of this case in its prior orders. Accordingly, the Court will provide a brief summary of the facts and relevant procedural history. The facts contained in the Court's prior order are incorporated by reference. ECF No. 187.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00885-SVW-MRW | Date | August 21, 2023 |
| Title | *Karla Maree v. Deutsche Lufthansa AG* | | |

### b. Procedural history

The Maree Plaintiffs filed this action on May 12, 2020, while an identical case was filed the day before. On August 16, 2021, the Maree Plaintiffs filed a motion for preliminary approval, which the Court denied on September 30, 2020. ECF Nos 95, 161. The Court granted reconsideration and preliminary approval on January 10, 2023. ECF No. 187.

On April 21, 2023, the Court approved a modification to the settlement, which set the schedule for class notification and final approval, permitted a reminder for class members to opt-in, and a $500,000 minimum distribution floor. ECF No. 203.

On May 22, 2023, Defendant discovered a de-duping error, which resulted in around one-half of one percent of the class not receiving notice. ECF No. 204. And two days later Defendant sent out additional notice, and submitted to keep the opt-in, opt-out, and objection deadline by two weeks. *Id.* The Court granted the motion, intending to extend the opt-in, opt-out, and objection deadline. ECF No. 205. However, the order was ambiguous, and it seems that the parties believed that the Court effectively denied the request to extend the deadline. *Id.*

Accordingly, on July 7, 2023, the Court vacated the final hearing set, and clarified that class members would be given two additional weeks to opt-into the settlement. ECF No. 216. The Final Approval hearing was held on August 7, 2023. ECF No. 220.

### c. Terms of the Settlement, Notice, and Results of Notice

Briefly,[2] the settlement provides monetary relief depending on whether a class member has received a refund or not. Class members who have already received their refund may choose either a $10 cash option or a $45 voucher. Class member who have *not* received their refund can submit a claim for their full ticket price plus 1% interest of the full price of their ticket. As amended the settlement

---

[2] The Court incorporates by reference its full description of the terms of the settlement described in its prior order. ECF No. 187.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00885-SVW-MRW | Date | August 21, 2023 |
|---|---|---|---|
| Title | *Karla Maree v. Deutsche Lufthansa AG* | | |

includes a $500,000 minimum floor, which if not met will be distributed pro rata amongst class members who have submitted a claim ("claimants"). ECF No. 203.

Notice was performed through a combination of mailed postcards to potential class members, an email notice, a digital media campaign targeting the class demographics, and a press release in the Global News Wire. ECF No. 206-2. Direct notice reached about 106,203 class members (64% of the class), while the digital notice campaign and press release received about 8.7 million views and/or were delivered. *Id.*

As of July 31, 2023, 21,419 claims have been filed, comprising 12.97% of the class. The breakdown of claims are as follows:

- 18,470 class members selected the cash option
- 1,947 class members selected the voucher option
- 1,002 class members have submitted refund requests.

ECF No. 219.

A pro rata distribution will result in the following:

- Individuals receiving the cash option will receive approximately $17.5
- Individuals receiving the voucher will receive approximately $78.75
- Individuals receiving 1% interest will receive $31.78

ECF No. 214 at 13.[3]

Only 11 individuals have opted out of the settlement, and 2 individuals have submitted objections ("Objectors"). ECF No. 206-2 at ¶18; ECF No. 209.

---

[3] These numbers will likely be lower, since they were calculated before the Court granted a two extension for class members to opt-in, and in the two-week period 63 individuals opted-in to the settlement. ECF No. 219.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00885-SVW-MRW | Date | August 21, 2023 |
| Title | *Karla Maree v. Deutsche Lufthansa AG* | | |

### III. Final Certification and Approval

Under Rule 23(e), a class action may not be settled without the court's approval. Fed. R. Civ. P. 23(e). Court approval of a settlement typically involves two steps: (1) whether a proposed class action settlement should receive preliminary approval, and (2) review of the fairness of the settlement at a final fairness hearing. *See Salazar v. Midwest Servicing Grp., Inc.*, No. 17-CV-0137-PSG-KS, 2018 WL 3031503, at *4 (C.D. Cal. June 4, 2018).

#### a. Class Certification

The Court preliminary determined that Plaintiffs have satisfied the requirements or Rule 23(a) and Rule 23(b). Nothing regarding the appropriateness of class certification has changed between the preliminary and final approval. Accordingly, the Court incorporates by reference its class certification findings in its prior order and concludes that the requirements for final approval have been met. ECF No. 187.

#### b. Adequacy of Notice

Federal Rule of Civil Procedure 23(c)(2) "prescribes the best notice practicable under the circumstances." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal citations and quotation marks omitted). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Id.* at 575 (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

The Court previously approved the notice plan in its prior order, and the Court finds that the notice plan employed was adequate. ECF No. 187. Direct notice was provided via mail and e-mail with indirect notice through a social media campaign and a press release published online. Courts have held similar notice plans adequate. *See Salmonson v. Bed Bath & Beyond, Inc.*, No. CV 2011-2293-SVW-SS, 2013 WL 12171817, at *2 n.4 (C.D. Cal. Mar. 14, 2013) (finding direct mail, e-mail, posting the

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:20-cv-00885-SVW-MRW | Date | August 21, 2023 |
|---|---|---|---|
| Title | *Karla Maree v. Deutsche Lufthansa AG* | | |

settlement notice in USA Today for the Los Angeles and San Francisco regions, setting up a settlement website and a toll-free number with information about the settlement adequate.) (collecting cases).

    c. **Fairness of the Settlement**

Courts are required to approve class settlements to protect absent class members from the "inherent risk ... that class counsel may collude with the defendants, 'tacitly reducing the overall settlement in return for a higher attorney's fee.'" *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (citations omitted). Thus, under Rule 23(e)(2), a settlement binding absent class members may only be approved if the Court finds that it is "fair, reasonable, and adequate" after considering:

    (A) whether class representatives and counsel provided adequate representation,
    (B) whether the proposal was negotiated at arm's length,
    (C) whether the relief provided for the class is adequate, taking into account:
        (i) the costs, risks, and delay of trial and appeal;
        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
        (iv) any agreement required to be identified under Rule 23(e)(3); and
    (D) whether the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).[4]

In its prior order the Court discussed the factors supporting approval of the settlement, but reserved closer scrutiny of the settlement until the Court received final approval numbers. ECF No. 187. Accordingly, the Court incorporates by reference its prior discussion of the fairness of the settlement and will only focus whether the results of class notice justify final approval.

---

[4] The Ninth Circuit has also enumerated its own set of factors that substantively track the factors discussed in Rule 23(e)(2). *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048 (9th Cir. 2019).

| | |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00885-SVW-MRW | Date | August 21, 2023 |
| Title | Karla Maree v. Deutsche Lufthansa AG | | |

Of greatest concern to the Court was that a substantial amount of the funds offered would revert to the Defendant because of the claims-made basis of the settlement.

The ultimate concern regarding reversionary aspects of a settlement fund is the concern that they would create perverse incentives that prejudice class recovery or raise the specter of collusion. *See Roes, 1-2 v. SFBSC Mgmt.*, LLC, 944 F.3d 1035, 1058-59 (9th Cir. 2019). For example, a lead defendant may be incentivized "to negotiate for a subpar notice process, a more tedious claims process, or restrictive claim eligibility conditions." *Id.* However, reversionary clauses may be permissible where "the reversionary clause may provide articulable benefits to the class, and any concerns about perverse incentives or collusion may be ameliorated by other aspects of the settlement." *Id.*

Here, reviewing the settlement in its totality and the class member's reactions, the Court does not find that the reversionary aspect of the settlement evidences collusion between the parties or that class counsel's self-interest prejudiced class recovery.

First, the adequacy of the notice plan,[5] the parties' efforts to ensure that class members had an opportunity to participate, and the ultimate relatively high opt-in rate, support the court's finding that the settlement was not a product of collusion which would incentivize the parties to deflate the claims rate. Furthermore, the parties' efforts to ensure a minimum recovery to the class members also supports the propriety of the settlement. *See Brinkmann v. ABM Onsite Servs. - W., Inc.*, No. 3:17-CV-275-SI, 2021 WL 3932040, at *16 (D. Or. Sept. 2, 2021) (holding that a restructure of settlement to redistribute unawarded attorney's fees to class members on a pro rata basis supported finding that the settlement was not a product of collusion).

Second, as noted previously, Defendant has provided cogent reasons for structuring the class as a claims-made settlement. Defendant did not have the contact information of every class member effected and would not know each class member's preference between choosing the voucher or cash option. *See Salmonson v. Bed Bath & Beyond, Inc.*, No. CV 2011-2293-SVW-SS, 2013 WL 12171817, at *6 (C.D. Cal. Mar. 14, 2013) ("the 'claims made' structure of the Settlement—that is, that in order to receive a benefit, claimants must first fill out a claim form indicating which of the two proffered benefits they

---

[5] Additionally, the Court does not find that the claims process is tedious or designed in a manner to discourage claims.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00885-SVW-MRW | Date | August 21, 2023 |
|---|---|---|---|
| Title | *Karla Maree v. Deutsche Lufthansa AG* | | |

preferred—was reasonable given the logistical and operational challenges posed by the Objectors alterative of directly mailing (to certain class members) a benefit without having to fill out a claims form.").

Third, "a direct-payment settlement 'is not necessarily any fairer.'" *Montoya v. PNC Bank, N.A.*, No. 1420474CIVGOODMAN, 2016 WL 1529902, at *20 (S.D. Fla. Apr. 13, 2016). "In direct-payment settlements, defendants will not agree to pay each class member their entire alleged damages." *Id.* And here, Defendant would likely not have agreed to a direct-payment settlement that would provide similar relief to the class given the litigation hazards present in this case. *See Lee v. Ocwen Loan Servicing*, LLC, No. 14-CV-60649, 2015 WL 5449813 *18. (S.D. Fla. Sept. 14, 2015) (finding that "a direct-payment settlement structure would have been negotiated to provide recovery at a much lower percentage of Settlement Class Members' LPI Net Premiums").

Fourth, the Court does not find that retention of unpaid funds would be unjust given the uncertainty as to whether and how much interest would be owed to the class. The present settlement is about interest owed to the class not the underlying refunds. And as mentioned in the Court's prior order, there is considerable uncertainty regarding under what conditions a refund would be due,[6] impacting whether interest would be due at all, and what the amount of the interest owed would be, which would depend on the rate and when interest would begin to accrue. Given these uncertainties, the Court does not find that Defendant would receive a "windfall" by retaining funds that they may not have necessarily owed in the first place.

Finally, and relatedly, the Court does not find that class members' interests were harmed as a result of this settlement, given that the contentious road to recovery that they would have to traverse. Accordingly, the Court finds on balance that the retention of some of the settlement funds by Defendant does not render the settlement unfair or collusive.

…

---

[6] Indeed, recent DOT guidance has provided that airlines would only need to provide a refund 7 days after receiving a written request for a refund. ECF No. 181 at 2.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00885-SVW-MRW | Date | August 21, 2023 |
|---|---|---|---|
| Title | *Karla Maree v. Deutsche Lufthansa AG* | | |

Additionally, reviewing the class member's reactions to the settlement, the Court also finds that the settlement is adequate. The high opt-in rate in relation to the low number of opt-outs and objections demonstrates a favorable reaction to the settlement that supports class certification. The 12.97% opt-in rate is substantially higher than the average claims rate of 4-9% in consumer class actions. See Fed. Trade Comm'n, Consumers and Class Actions: A Retrospective and Analysis of Settlement Campaigns 11 (2019) ("Across all cases in our sample requiring a claims process, the median calculated claims rate was 9%, and the weighted mean (i.e., cases weighted by the number of notice recipients) was 4%."). Furthermore, this figure is more than four times the claims rate present in a similar COVID-19 airline class action, which had a claims rate of 4.32%. ECF No. 208 at ¶ 57.

By contrast only 11 individuals opted out of the settlement, and only 2 individuals submitted objections. This "low number of objections and opt outs relative to the size of the class weighs in favor of approving the Settlement." *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2023 WL 3688452, at *9 (N.D. Cal. May 25, 2023) (finding that class members' reactions to the settlement favored settlement where there was a claims rate of 11% versus 1,733 exclusion requests and 6 objections in a class of around 700,000); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (finding a 14% claim rate a favorable reaction to a settlement).

Accordingly, with final numbers in hand, the Court finds that final approval is warranted. Although at the outset, the Court had some concerns regarding the process by which settlement was reached, reviewing both the substance of the settlement and the class member's reaction the Court finds that the settlement is fair and adequate. This case presented serious litigation hazards with respect to the ability for class members to recover and even to the amount owed to class members. In the face of this uncertainty the road to recovery was tenuous, supporting the propriety of the settlement. Furthermore, given the strong, favorable reaction to the settlement by class members and the minimum payout floor, the Court's concern regarding a windfall to the Defendant is assuaged.

### d. Objections to the Settlement

Objectors raise several contentions opposing class certification. However, the vast majority of these arguments repeat arguments made in opposition to preliminary certification. These arguments essentially boil down to contentions that the settlement was made in a collusive manner and does not

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00885-SVW-MRW | Date | August 21, 2023 |
| Title | *Karla Maree v. Deutsche Lufthansa AG* | | |

provide sufficient recovery to the class as a whole. These arguments were rejected in the preliminary approval order. In fact, the only thing that has changed between preliminary and final approval is the relatively high opt in rate of class members, which supports the fairness of the class. Accordingly, these objections are denied.

Turning to the new objections, Objectors contend that approval is not appropriate because: 1) the pro rata distribution of the settlement funds would present a windfall to class members who opted into the settlement; and 2) notice to the class was defective because objectors did not receive notice. Both are rejected.

### i. Pro Rata Distribution

Objectors contend that pro-rata distribution is improper because it would disadvantage a large majority of class members who did not make claims and provide a windfall to claimants. ECF No. 209 at 12. However, this objection fails for two reasons.

First, Objectors do not explain how absent class members would be disadvantaged by the pro rata distribution in this circumstance. It seems that Objectors contend that class members who did not submit a claim would be disadvantaged because they would be exchanging their claims for nothing. However, this is the case in almost any class action settlement that is made on a claim-made basis. As discussed above, the average claims rate is between 4-9%, meaning that on average 90-96% of class members relinquish their claims for nothing. And courts routinely approve such class actions. Accepting this objection would necessarily mean that almost every claims-made settlement would be suspect, since in almost every claims-made settlement there are some class members who relinquish their claim for nothing.

Furthermore, the case that Objectors cite for this proposition are both distinguishable and instructive on this point. In each case rejecting pro rata distribution, objectors sought to replace an existing cy pres distribution with a pro rata distribution. *See Miller v. Ghirardelli Chocolate Co.*, No. 12-CV-04936-LB, 2015 WL 758094, at *10 (N.D. Cal. Feb. 20, 2015) (rejecting an objection to replace a cy pres distribution mechanism with a pro rata distribution mechanism); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 641 (S.D. Cal. 2011), aff'd in part, 473 F. App'x 716 (9th Cir. 2012) (same). In those circumstances, a court could find that a pro-rata distribution would disadvantage absent class member

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00885-SVW-MRW | Date | August 21, 2023 |
|---|---|---|---|
| Title | *Karla Maree v. Deutsche Lufthansa AG* | | |

because it would replace a cy pres distribution which could arguably benefit all class members. Here, there is no cy pres provision that is being replaced nor are Objectors even proposing such a mechanism.

Second, Objectors have provided no evidence that claimants would received a windfall as a result of the pro rata distribution. *See Rosales v. El Rancho Farms*, No. 1:09-CV-00707-AWI, 2015 WL 4460635, at *8 (E.D. Cal. July 21, 2015), report and recommendation adopted, No. 109CV00707AWIJLT, 2015 WL 13659310 (E.D. Cal. Oct. 2, 2015) ("Because there is insufficient evidence to support a determination that Class Members who submitted claim forms will receive a windfall, the proposed pro rata distribution is appropriate for unclaimed funds.").

Here, the exact amount of interest owed to class members is unclear. As discussed in the Court's prior order, the amount of interest owed to the class members heavily depended on what the interest rate was and when interest began to accrue. This figure ranged from 1% to 10% interest and 7 to 30 days from the date of cancellation or a refund request. Thus, given the uncertainty as to the exact amount of interest owed to class members, the Court does not find that the amounts offered to class members in pro rata distribution would constitute a windfall.[7]

        ii.        **Notice**

Next, Objectors contend that the notice plan was not carried out, because they did not receive direct notice of the action. However, "[m]erely asserting a failure to receive notice is not sufficient to show that the notice plan was inadequate in this case because Federal Rule of Civil Procedure 23(c) requires the best notice practicable under the circumstances, not actual notice to every class member." *Russell v. Kohl's Dep't Stores, Inc.*, 755 F. App'x 605, 607 (9th Cir. 2018). And as discussed *ante*, the Court finds that notice was appropriate.

Objectors' only argument is speculation that the notice plan was not carried out, because they did not receive notice. However, these arguments are unsupported by the record. Two days after

---

[7] Furthermore, the amounts offered to claimants on a pro rata basis fall within the range of recovery submitted by the parties. Averaging out the maximum and minimum recovery by the number of class members, the amount of interest owed on average ranged between 97 cents to $118.72. *See* ECF No. 187 at 19 (containing a chart describing the parties' minimum and maximum valuation of the case).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00885-SVW-MRW | Date | August 21, 2023 |
|---|---|---|---|
| Title | *Karla Maree v. Deutsche Lufthansa AG* | | |

discovering a clerical error omitting less than one percent of class members, notice was sent out to these omitted class members, almost two months before the deadline. Additionally, the Court provided an additional two weeks for class members to opt into the settlement, which resulted in around 60 additional opt-ins. Finally, the Court's conclusion that notice was sufficient is further buttressed by the relatively high claims rate of 12.9%. Accordingly, the Court finds that notice was appropriate.

**IV.   Conclusion**

For the foregoing reasons, the motion is GRANTED.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |